```
                               United States Bankruptcy Court
                               Eastern District of New York
In re:                                                                  Case No. 15-40309-cec
Craig J Sampson, Sr.                                                    Chapter 7
         Debtor                    CERTIFICATE OF NOTICE
District/off: 0207-1           User: admin                 Page 1 of 1                  Date Rcvd: May 06, 2015
                               Form ID: 262                Total Noticed: 11


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 08, 2015.
db             +Craig J Sampson, Sr.,    93 Belfield Ave,    Staten Island, NY 10312-2925
smg            +NYC Department of Finance,    345 Adams Street, 3rd Floor,    Attn: Legal Affairs - Devora Cohn,
                 Brooklyn, NY 11201-3719
smg            +NYS Department of Taxation & Finance,    Bankruptcy Unit,   PO Box 5300,    Albany, NY 12205-0300
smg            +NYS Unemployment Insurance,    Attn: Insolvency Unit,    Bldg. #12, Room 256,
                 Albany, NY 12240-0001
8496223        +New York Community Ban,    622 Eagle Rock Ave,    West Orange, NJ 07052-2994

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             +E-mail/Text: ustpregion02.br.ecf@usdoj.gov May 06 2015 18:15:20
                  Office of the United States Trustee,    Eastern District of NY (Brooklyn Office),
                  U.S. Federal Office Building,    201 Varick Street, Suite 1006,    New York, NY 10014-9449
8496218         +EDI: AMEREXPR.COM May 06 2015 18:13:00      Amex,   Po Box 297871,
                  Fort Lauderdale, FL 33329-7871
8496219         +EDI: CHASE.COM May 06 2015 18:13:00      Chase,   Po Box 15298,    Wilmington, DE 19850-5298
8496220         +EDI: FORD.COM May 06 2015 18:13:00      Ford Credit,    P O Box 220564,
                  Pittsburgh, PA 15257-2564
8496221         +EDI: FORD.COM May 06 2015 18:13:00      Frd Motor Cr,   Po Box Box 542000,
                  Omaha, NE 68154-8000
8496222         +EDI: MID8.COM May 06 2015 18:13:00      Midland Funding,    8875 Aero Dr,
                  San Diego, CA 92123-2255
                                                                                              TOTAL: 6

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
8532635          Ford Motor Credit Company, LLC as agent for CAB Ea
                                                                                              TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 08, 2015                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 6, 2015 at the address(es) listed below:
              Gregory Messer    gremesser@aol.com,   lduc@aol.com,gmesser@messer-law.com,
               mwilliams@messer-law.com,ny54@ecfcbis.com
              Kevin B Zazzera    on behalf of Debtor Craig J Sampson, Sr. kzazz007@yahoo.com
              Martin A Mooney    on behalf of Creditor   Ford Motor Credit Company LLC as agent for CAB East,
               LLC kcollins@schillerknapp.com
              Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
                                                                                              TOTAL: 4
```

Form BLdfnld7 (12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271−C Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

| | |
|---|---|
| IN RE: | CASE NO: 1−15−40309−cec |
| Craig J Sampson Sr. | |
| 93 Belfield Ave<br>Staten Island, NY 10312 | |
| Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address. | |
| Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.: | CHAPTER: 7 |
| xxx−xx−5970 | |
| DEBTOR(s) | |

## DISCHARGE OF DEBTOR(S)
## ORDER OF FINAL DECREE

A petition under title 11, United States Code was filed by or against the Debtor(s) on January 27, 2015; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the debtor(s) is entitled to a discharge and the estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED**:

- The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

- Gregory Messer (Trustee) is discharged as trustee of the estate of the above−named debtor(s) and the bond is cancelled.

- The Chapter 7 case of the above−named debtor(s) is closed.

BY THE COURT

Dated: May 6, 2015                                  s/ Carla E. Craig
                                                    United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**Form BLdfnld7**(12/01/2007)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**